Allen, J.
delivered the opinion of the Court.
It appearing that when this case was before this Court on a former occasion, it was held that the grant of administration with the will annexed to William P. Thompson was not a void grant, and that the administrator was empowered to make sale of the land charged by the testator with the payment of his debts; and that as the will charged all the lands, the administrator was authorized to sell the whole thereof if such sale became necessary to pay the debts; this Court is of opinion that in the case of such a general charge upon the lands it was not incumbent on the purchaser to look to the application of the purchase money. If the condition of the estate rendered such sale necessary at the time the same was made, and the sale was fair, and the purchase money has been paid, the failure of the administrator to account for and pay over the proceeds to *138 the creditors of the estate should not impair the title of the vendee. The sale in the present case is shewn to have been for a full price; and the only enquiry left open by the decree of this Court is whether the sale was necessary for the payment of the debts of the testator. In determining this question it is necessary to ascertain what debts were chargeable to the estate, and whether the same could have been discharged without a sale of the land in the proceedings mentioned sold to Joseph Meeks. To the debts appearing due and credited in the administration account, there should, in the opinion of this Court, have been added the debt of 535 dollars paid to H. Smith, the marshal, being the amount of the mortgage on a part of the land sold to Meeks; and also the debt due to Sayers, designated in the 4th exception of the appellants. And there should have been deducted from the amount of assets charged to the administrator the 200 dollars paid to the widow for her dower in the land sold, and the sum claimed for the deficiency in the quantity of the land. It is shewn by the administration account as settled since the former decree of this Court, and which was approved by the Circuit court, that after charging the administrator with the personal assets and the proceeds arising from the sale of the real estate, including the land in controversy, he is in arrear the sum of 1600 dollars 40 cents. This balance would be nearly if not quite extinguished by the proper charges before referred to. The unsold lands are proved to be of but little value; so that without reference to the other debts alleged to have been outstanding and still unsatisfied, it is manifest that the condition of the estate required a sale of the whole of the lands devised, to satisfy the debts of the testator. The Court is therefore of opinion that the Circuit court erred in holding that such sale was unnecessary, and in setting the same aside for that cause: And the sale not being impeached in the bill for any other cause, the bill *139 of the plaintiffs should have been dismissed as against the representative of Joseph Meeks.
And the Court is further of opinion, as to so much of . the bill as seeks an account from the administrator, and the decree in respect to that branch of the case, there is no error in so much thereof as overrules the 1st and 2d exceptions of the appellees and the 1st and 3d exceptions of the appellant to the report of master commissioner Matthews; but the said Court erred in overruling the 5th exception of the appellant for the failure to allow the administrator credit for 200 dollars, the sum paid the widow for her relinquishment of dower in the lands sold. The 2d and 4th exceptions of the appellant and the 3d exception of the appellees, do not relate to the debits or credits on the administration account, but refer to that branch of the case respecting the indebtedness of the estate and the necessity of a sale of the lands in controversy, and have been before adverted to.
By overruling and sustaining the exceptions applicable to the administration account the balance of 1600 dollars 40 cents ascertained to be due by the report of the master commissioner, and the decree affirming the same, will be reduced by the sum of 200 dollars as aforesaid with interest. For the residue of said sum of 1600 dollars 40 cents reduced as aforesaid, together with any other sums since received by the administrator, he is responsible.
It is therefore adjudged and ordered that said decree, so far as it conflicts with this opinion and decree, is erroneous, and that the same be reversed with costs to the appellant; and this Court proceeding to render such decree as the said Circuit court should have done, it is further adjudged and ordered that the bill of the appellees be dismissed as against the appellant, the representative of said Joseph Meeks, with costs in the Chancery court.
*140 And the cause is retained as against the said William Thompson, the administrator, and remanded with instructions to recommit the same to the commissioner reform and settle the account according to the principies of this decree, and with instructions to said Court r 7 to give notice by proper publication to creditors, if any, whose claims are still valid and unsatisfied, to appear, assert and establish their claims within a period to be prescribed by the Court, and for a decree against said administrator for any balance ascertained upon the principles of this decree, to be due from him, to be applied to the payment of such debts; or paid over to the appellees as the rights of the parties may require.